# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

JUNE TERM, 1919.

---

AUGUSTE LACOMBE, respondent,

*v.*

HILDA H. HEADLEY et ux., appellants.

[Decided November 17th, 1919.]

It is the duty of an intending purchaser of land which is in the possession of a person other than the proposed grantor to inquire of the occupant and ascertain the rights under which he holds, and if he does not make such inquiry, he is chargeable with notice of such facts as the inquiry would have revealed.

---

On appeal from a decree in chancery advised by Vice-Chancellor Lane, whose opinion is reported in *89 N. J. Eq. 364.*

63

Mr. *Harold W. Headley,* for the appellant.

Mr. *W. Eugene Turton,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This was a bill to quiet title. In February, 1909, the complainant purchased two lots of land located in the town of Irvington, adjacent to one another and abutting upon property already owned by him, at a sale made by the town authorities under the Tax Adjustment act of 1898. *Comp. Stat. p. 5251.* These lots at the time of the tax sale were owned by the heirs-at-law of one Alfred Tichenor. The sale purported to convey the fee, and a deed for the premises was executed in due course by the tax collector of the town and delivered to the complainant. This was not recorded.

In May, 1914, one William F. Headley purchased from the heirs of Alfred Tichenor all their right, title and interest in and to the lands in question. This deed was duly recorded. In October of the same year Headley and his wife conveyed the premises to Hilda H. Headley, the defendant, and that deed was also recorded.

Hilda Headley claims to be a *bona fide* purchaser for value without notice of any right of the complainant in the premises, and asserts that the deed from the tax collector to the complainant is void as against her under the provisions of section 54 of the act concerning conveyances. *Comp. Stat. p. 1553.* That section provides that every deed shall, until duly recorded, or lodged for record in the clerk's office, be void and of no effect against subsequent judgment ,creditors without notice, and against subsequent *bona fide* purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed or mortgage shall have been first duly recorded.

In the argument of the cause before the court of chancery the principal question mooted was whether a tax collector's deed given to a purchaser at a tax sale under the Tax Adjustment act

of 1898 was invalid as against a *bona fide* purchaser from the prior owner who had no notice of the tax sale, or of the deed made pursuant thereto, and whose deed is first recorded; the contention on the part of complainant's counsel being that a tax deed was not within the purview of section 54 of the act concerning conveyances. The learned vice-chancellor, before whom the cause was heard, reached the conclusion that a tax deed did not come within the scope of the statute, and that although not recorded, it was valid and effectual as against subsequent judgment creditors, purchasers and mortgagees of the original owners, whether they had notice of its existence or not. The result of this conclusion led the vice-chancellor to advise a decree declaring the title of the complainant in and to the lands and premises involved in the litigation to be good, valid and effectual, and that the defendant had no estate, right, title or interest therein.

We do not find it necessary to determine the very interesting question whether or not an unrecorded tax deed is void and of no effect against a subsequent *bona fide* purchaser for valuable consideration not having notice thereof, whose deed has been first duly recorded. And for this reason: The proof is convincing that shortly after the tax sale, in 1909, the complainant entered into possession of the two lots involved in this litigation, enclosed them with a fence, and used them in his contracting business, storing ashes, stones and other debris on the land, and keeping there his wagons used by him in his business. These wagons, all of them, had his name thereon. This use and occupation of the premises by the complainant continued without interruption from the year 1909 until the institution of this suit; it was open and notorious, obvious to every one visiting the premises.

The statute makes an unrecorded deed void only as against judgment creditors, *bona fide* purchasers and mortgagees who have no notice thereof, and it is entirely settled, both in this state and elsewhere, that possession of land, if open, notorious and unequivocal, constitutes notice of the right, or claim of right, under which the party in possession occupies it; and this notice is effective, not only as to those who have actual knowledge of

the occupation, but as to all the world. It is the duty of an intending purchaser of land which is in the possession of a person other than the intending grantor to inquire of the occupant and ascertain the rights under which he holds; and if he does not make such inquiry, he is chargeable with notice of such facts as the inquiry, if it had been in fact made, would have revealed. *Havens* v. *Bliss, 26 N. J. Eq. 363; Johns* v. *Norris, 27 N. J. Eq. 485; Hodge* v. *Amerman, 40 N. J. Eq. 99; Wood* v. *Price, 79 N. J. Eq. 624.* In the present case, the fact that this land was in the possession of someone was, as we have already said, obvious. An examination of the wagons stored there would have disclosed the occupant. So, too, would inquiry made in the neighborhood; for the testimony indicates that it was generally known that Mr. LaCombe was using this land in his contracting business. Under the rule stated the defendant for her own protection was required to ascertain the rights under which LaCombe held; she made no effort to do so, and having failed in this regard she is chargeable with notice of what she would have learned had she performed this duty, namely, that LaCombe was in possession of this land under a tax deed made by the tax collector of the town of Irvington in 1909. In this situation she is not within the protection of the statute—that is, she is not a *bona fide* purchaser without notice of the existence of the LaCombe deed. For this reason the decree under review should be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson—14.

*For reversal*—None.