MARK ZURICK AND ANOTHER, RESPONDENTS, v. MAX PERLMUTTER, APPELLANT.

Submitted March 18, 1920—Decided June 1, 1920.

1. The possession of a tenant amounts to notice of his rights, not merely under the lease, but also under collateral agreements, such as a contract for the purchase of the estate, and it is the duty of an intending purchaser of land which is in possession of a person other than the intending grantor to inquire of the occupant and ascertain the rights under which he holds, and if he does not make such inquiry, he is chargeable with notice of such facts as the inquiry, if it had been in fact made, would have revealed.

2. Where a landlord has contracted with a tenant that he, the landlord, will pay water rent for the demised premises, and does not do so, the tenant may pay the water rent for his own protection and recover it from the landlord.

On appeal from the East Orange District Court.

On October 15th, 1917, Joseph Rosenfelt, the then owner of the property 257 East Ferry street, Newark, leased the store and seven rooms to the plaintiffs for the purpose of a restaurant for five years, from November 1st, 1917. The lease was on one of the ordinary blank forms containing a covenant by the tenant to pay the water tax. This covenant was crossed out. The lease was recorded October 17th, 1917. Rosenfelt conveyed to the defendant, Max Perlmutter, "about June, 1918." Perlmutter at first paid the water tax, but ceased doing so; the plaintiffs thereupon paid it and sued to recover the amount. Perlmutter owned the adjoining property, 259 Ferry street, and testified that he had paid the water rent for No. 259 and had never taken notice that he was paying water rent for No. 257. The trial judge found that the contract between the parties was that the landlord was to pay the water rent and he gave judgment for the plaintiffs. The appellant specified as ground for reversal (1) that the judgment should be reversed and judgment entered for the de-

fendant for several reasons which he sets forth; (2) that the question "who paid the water rent up to October 24th, 1919," was "indefinite and improper."

Before Justices SWAYZE and PARKER.

For the appellant, *Selick J. Mindes.*

For the respondents, *Morris H. & Charles E. Cohn.*

The opinion of the court was delivered by

SWAYZE, J.   The first ground for reversal amounts to saying that the trial judge should have found for the defendant. The question, therefore, is, whether there was any evidence which would justify the judge sitting as a jury in finding for the plaintiffs.   He himself justified his finding on the theory of an express contract between the plaintiff and defendant. In view of the defendant's testimony, we find it difficult to spell out an express contract.   This, however, does not end the case.   The legal situation is as follows:   Rosenfelt and the plaintiffs entered into a written lease on a printed form from which the covenant requiring the tenant to pay the water tax had been erased; and the tenants never paid the tax.   It was not disputed that Perlmutter did.   From those facts it is possible to infer that the parties to the lease intended by striking out the covenant, to rely entirely on the legal obligation of the tenants in the absence of a covenant; but we think it more natural to infer that they meant that the landlord should pay the water tax, and thought the object would be accomplished by the erasure.   We cannot say that the trial judge might not properly find, as he did, that the contract between Rosenfelt and the plaintiffs was that the owner of the premises was to pay the water tax.   Perlmutter bought subject to the lease and was bound by its terms, but the record of the lease did not show, or, at least, the state of the case does not show, the contract to pay the tax which the trial judge inferred from the erasure; it is probable that the record

made no reference to the erasure. The question, therefore, is to what extent Perlmutter is bound by the agreement of Rosenfelt. Is he bound merely by the provisions of the contract as they appear in the lease or is he bound by the full terms of the contract between Rosenfelt and the plaintiffs as the trial judge found them to be? The state of the case is rather meagre, but there is testimony that the plaintiffs occupied the store and seven rooms on the premises. The ordinary rule is, that the purchaser of rented property takes subject to the terms of the letting. If the purchaser, grantee of the reversion, escapes liability to pay the tax, it can only be by reason of the failure of the record to disclose the contract, and because he is a *bona fide* purchaser without notice. Assuming that he is within the language of the statute (*Comp. Stat., p.* 1553, § 54), he is not entitled to its benefit unless he took the title without notice. It is well settled that the possession of the tenant amounts to notice of his rights, not merely under the lease, but also under collateral agreements, such as a contract for the purchase of the estate. One of the leading English cases is *Daniels* v. *Davison,* 16 *Ves.* 249; 2 *L. C. Eq.* (*4th Am. ed.* 131). This case was relied on by Chancellor Runyon in *Havens* v. *Bliss,* 26 *N. J. Eq.* 363 (at *p.* 370), and followed by Vice Chancellor Pitney in *Essex County National Bank* v. *Harrison,* 57 *Id.* 91 (at *p.* 96). The rule has also the authority of the Court of Errors and Appeals. *Wood* v. *Price,* 79 *Id.* 620. In that case Mr. Justice Voorhees made an elaborate and careful review of the authorities. Recently, the same court has stated the rule as follows in an opinion by the present Chief Justice (*Lacombe* v. *Headley et al.,* 108 *Atl. Rep.* 185) : "It is the duty of an intending purchaser of land which is in the possession of a person other than the intending grantor to inquire of the occupant and ascertain the rights under which he holds, and if he does not make such inquiry, he is chargeable with notice of such facts as the inquiry, if it had been in fact made, would have revealed." The difficulties mentioned by Mr. Justice Voorhees are not present in this case. The purchaser, Perlmutter, is charged only with

notice of those rights which the tenants might enforce and the question is not whether the possession is consistent with the record title, but whether proper inquiry would not have led to a knowledge of the collateral agreement. Daniels *v.* Davison, and our cases which have followed it, are sufficient on that point.

The next question is whether the plaintiffs having paid the water rent can recover it from the defendant as money paid to his use. By the contract, as the judge found it to be, it was the defendant's duty to pay the water rent as between him and the plaintiffs. By the statute (*Pamph. L.* 1917, *p.* 436, *art.* 32, § 11) the defendant, owner, as between him and the city, was under an obligation to pay. By section 12, in case of failure to make prompt payment, the water might be shut off, and the arrears of water rent might be made a lien on the land and buildings. Under these circumstances, the tenant may pay the water tax for his own protection and recover it as money paid to the use of the landlord. Such a payment is not voluntary nor is the tenant a volunteer. It is his duty to minimize the damage caused by the landlord's breach of contract, and he can do this no more efficiently than by paying the municipal lien. It was proper to inquire who paid the water rent up to October 24th, 1919. That was evidential at least of what the contract was, since it was action by the party concerned adverse to his own claim. He undertook to explain it, but it was for the trial judge sitting as a jury to say what inference should be drawn from the whole evidence. There was no error in admitting the evidence.

The judgment must therefore be affirmed, with costs.