BUCHANAN & SMOCK LUMBER CO., complainant,

*v.*

MARY A. BROWER et al., defendants.

[Submitted January 23d, 1924. Decided January 31st, 1924.]

Under section 58 of the Chancery act (*1 Comp. Stat. p. 432*), the owner of a mortgage not recorded at the time a bill is filed to foreclose a prior mortgage upon the same premises is barred by the decree in such foreclosure as effectively as if he had been made a party and appeared.

On motion to dismiss.

*Messrs. Patterson, Rhome & Morgan,* for the complainant.

*Mr. J. Everett Newman,* for the defendants.

FOSTER, V. C.

Complainant's bill is filed to foreclose a mortgage given by one William D. Bryant, and covering property in Monmouth county owned by the defendant Mary A. Brower. Mrs. Brower purchased the property from one Lillian Sachs on November 19th, 1923. On July 30th, 1923, Lillian Sachs bought the property at a sheriff's sale, in a foreclosure proceeding, wherein she, Lillian Sachs, was complainant and William D. Bryant was defendant. The bill in this suit of Sachs against Bryant was filed on February 3d, 1923; on February 13th, ten days later, the complainant herein recorded the mortgage now in suit, which bears date October, 1922, but was not executed nor acknowledged until February 9th, 1923. On February 16th the subpœnas in the suit of Sachs against Bryant were issued.

Sachs had no actual knowledge at the time the bill was filed and the subpœnas issued of complainant's mortgage, and consequently did not make complainant a party to that suit, and complainant had no knowledge of the Sachs' foreclosure proceedings until the deed from the sheriff to Sachs was recorded, and therefore did not apply to intervene in the Sachs suit.

Counsel for defendant Brower contends that notwithstanding this situation complainant's mortgage now in suit, so far as Mrs. Brower's property is concerned, was barred by the Sachs foreclosure as effectively as if complainant had been made a party thereto, and in support of this contention and of his motion to dismiss complainant's bill, so far as it relates to Mrs. Brower's property, he relies upon section 58 of the Chancery act (*1 Comp. Stat. p. 432*), which provides that:

"In any suit for the foreclosure of a mortgage * * * all persons claiming a lien on such property by a mortgage which by any provision of law could be recorded * * · * and which shall not be so recorded * * * at the time of the filing of the bill in such suit, shall be bound by the proceedings in such suit in the same manner as if he had been made a party."

Complainant, in answer, claims that an action in chancery is commenced with the issuing of process or subpœna and not when the bill is filed, and the cases of *Haughwout* v. *Pomeroy, 24 N. J. Eq. 531; Herman* v. *Mexican Petroleum Corp., 85 N. J. Eq. 367; Houpt* v. *Board of Education, 87 N. J. Eq. 362,* and *Delaware River Quarry Co.* v. *Freeholders, 88 N. J. Eq. 507,* are cited to support this contention, and based on these authorities complainant's argument is, that as its mortgage was recorded three days before the subpœna was issued in the Sachs suit, although ten days after the bill therein was filed, it was incumbent on Sachs to make complainant as the holder of a lien of record at and before the commencement of the action, *i. e.,* the issuing of subpœnas, a party defendant in order to bind complainant, or to bar, or foreclose its mortgage lien.

Section 58 of the Chancery act has been considered in several cases in this court and in the court of errors and appeals, and it has uniformly been held, as stated by the court of errors and appeals in *Sibell* v. *Weeks, 65 N. J. Eq. 714,* that under this statute, the owner of a mortgage not recorded, when a bill is filed to foreclose another mortgage upon the mortgaged premises is barred by the decree in such foreclosure as effectively as if he had been made a party and had appeared.

In *Dinsmore* v. *Wescott, 25 N. J. Eq. 302,* and in *Leonard* v. *New York Bay Co., 28 N. J. Eq. 192,* it was held that under this statute if the unrecorded title had come to the knowledge of complainant during the pendency of his suit, no duty would thereby have been cast upon him to have the owner made a party.

And in *McCrea* v. *Newman, 46 N. J. Eq. 473,* it was held that this section of the act affords the complainant in a foreclosure proceeding and a purchaser under him complete

protection from an encumbrance unrecorded when the bill was filed. See, also, *Raymond* v. *Post, 25 N. J. Eq. 447; Cannon* v. *Wright, 49 N. J. Eq. 17,* and *Stiles* v. *Galbreath, 69 N. J. Eq. 222.*

This section of the act does not, as counsel for the parties claim, change the rule of the cases that an action in chancery is begun when process issues, nor does it, as claimed, fix a different time or make any distinction as to the time when a foreclosure action is begun. What the statute does is to fix a definite time in foreclosure cases, viz., at the time of filing the bill, when unrecorded liens of the classes expressly specified in the act are bound and barred by the proceedings in such cases, in the same manner as if the holder of any such lien had been made a party to the suit. That is the exact situation here, for the mortgage of complainant was not recorded at the time of the filing of the bill in the Sachs foreclosure, and it was therefore under the statute barred by the proceedings in that section. I will advise that the bill be dismissed as to the defendant Mrs. Brower and also as to the property purchased by her from Sachs under the latter's foreclosure proceedings.