JOSEPH C. MAILLOUX, JR. *vs.* GERTRUDE W. JORDAN.

JUNE 13, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

PER CURIAM. This is an action of trespass and ejectment to obtain possession of a tract of land with buildings thereon situated in the city of Woonsocket. The case was commenced in the District Court of the Tenth Judicial District. A jury trial was claimed by the defendant. At the conclusion of the trial in the Superior Court the trial justice directed a verdict for the plaintiff for possession. The case is before us on the defendant's exception to such direction and on her exception to the exclusion of certain evidence.

The plaintiff bases his contention to a right of possession upon an executory contract to purchase entered into between himself and Catherine M. Wilcox in her lifetime. The defendant holds possession as devisee of said Wilcox. Whatever rights said Wilcox had in the premises at the time of her death passed by her will to the defendant.

The agreement in question was executed November 19, 1925. Said Wilcox deceased within two years thereafter. By the terms of said contract the plaintiff agreed to purchase

and said Wilcox agreed to sell the premises in question for $15,000, payable as follows: $1,000 at the time of the execution of said agreement and $77.77 each and every month thereafter until the sum of $15,000 had been paid. The plaintiff paid $1,000 at the time the contract was executed and thereafter made certain monthly payments of $77.77 during the life of said Wilcox. Whether at the time of the death of said Wilcox the plaintiff was in default it is unnecessary to determine.

The contract contains no specific provision for giving possession to the purchaser before the passing of title, but does provide that the vendor, during her natural life, shall have the exclusive use of the dwelling house and certain land surrounding the same and the right to cut firewood and hay, to keep a herd of cows, to use certain springs thereon for the purpose of selling spring water, and the right to cross and recross certain portions of the premises not reserved to the vendor. The agreement provides that it shall be null and void if the plaintiff shall neglect for sixty days after notice to pay any installment due and that, in such event, the owner shall retain all money paid under the agreement. By the terms of the agreement the plaintiff was required to pay all taxes assessed against the premises, to keep the buildings insured against loss by fire and to keep the buildings in repair. The agreement contains clauses pertinent for our consideration as follows: "Sixth: In case said dwelling-house shall be partially destroyed by fire or other casualty, the party of the second part shall be required to rebuild, but shall not be called upon to put out or expend in such rebuilding a sum of money any greater than the amount he shall have received from the insurance policies covering the building."

"In case said dwelling-house shall be totally destroyed by fire or other casualty, the party of the second part shall be required to rebuild it to the extent of the insurance money which he shall have received, but shall not be called upon to expend any further sum; and if the party of the first part

shall decide she does not desire to have said dwelling-house rebuilt, in such event the insurance money which the party of the second part shall have received as a result of the total destruction of said dwelling-house shall be applied by the party of the second part in reduction of balance due upon said purchase price.''

''Tenth: On full payment of said purchase price by the party of the second part, the premises shall be conveyed to him by the party of the first part by a good and sufficient warranty deed, together with the rights, rights of way and easements hereinbefore referred to.''

''Eleventh: If the party of the second part shall find a purchaser for any part or parcel of the premises other than said dwelling-house and said tract reserved, he shall make this fact known to the party of the first part, and upon tender to her of the amount of money so received from said purchaser, she shall forthwith execute and deliver to the party of the second part a good and sufficient warranty deed conveying the land so sold; and the money so paid for the land shall be applied in reduction of balance due upon said purchase price.''

The plaintiff contends that from the language of the contract the inference must be drawn that the parties to said agreement impliedly agreed that the plaintiff would be entitled to possession on the death of said Wilcox. The plaintiff's argument is based mainly on the fact that he is required to make repairs. The authorities cited are not in point. We find no reason whatever for drawing the inference that the parties to the agreement intended that the plaintiff should have possession of the premises in question before paying the full purchase price and obtaining title. The fifteenth clause of the agreement provides that ''this Agreement embraces and includes the whole and entire Agreement between the parties.'' It is evident that the parties expected that the vendor would live beyond the time of the complete execution of the agreement. Hence, the provisions reserving to the vendor the right to occupy the

premises during her natural life were inserted. The fourteenth clause provides that: "When title to the premises shall vest in the party of the second part, the party of the first part during her life-time shall have a right of way to go from the barn so-called to the bottling room so-called." Section 52 of Chapter 342, G. L. 1923, provides as follows: "In actions of ejectment, and trespass and ejectment, to recover possession of lands, tenements, or hereditaments, the plaintiff shall not be required to prove an actual entry under his title; but if he prove that he is entitled to such an estate as he claims in the premises, whether as heir, devisee, purchaser, or otherwise, and also that he has a right of entry therein, this shall be deemed sufficient proof of his seisin, as alleged in his declaration; but no such action shall be maintained unless the plaintiff has, at the time of commencing the same, a right of entry into the premises."

The plaintiff has merely a right to purchase. He has no right of entry until he shall acquire title. The rule is stated at page 151 of Warvelle on Ejectment as follows: "It is a rule of general and uniform observance that the legal title to land draws to it the legal possession of the same, and this rule has often been applied in the solution of questions growing out of the relation of vendor and vendee. A contract of sale is prospective in its operation, and does not, without special stipulation, confer any rights of immediate occupancy upon the vendee. The legal title which the vendor retains until final execution is attended with all its legal incidents, including the right to hold, possess and enjoy the land; and the vendee cannot, at least until full payment has been made of the purchase money, claim any possessory rights in the premises he has contracted to purchase." The same authority contains at page 154 the following statement: "Ejectment only lies where the ejector possesses the legal title; and however strong the equities may be, the rule, in general, is well established that such equities cannot prevail over the legal title."

The exception to the direction of a verdict for the plaintiff is sustained. It becomes unnecessary to consider the other exceptions.

The plaintiff, if he shall see fit, may appear on July 1, 1929, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Eugene L. Jalbert, Adonat J. Demers*, for plaintiff.
*Voigt, O'Neill & Wright*, for defendant.

