The defendant Mandel held a second mortgage on the lands here involved which are located in Union county. His mortgage was recorded in Essex, but not in Union county. Consequently, when Haiken, the first mortgagee, foreclosed his mortgage Mandel was not made a party to the suit. Parrow Holding Company purchased the property at the sheriff's sale in that proceeding without notice of the Mandel mortgage and later sold to the defendant Rose Gersten, who gave to the complainant the two mortgages now being foreclosed. She, also, with her husband, Harry Gersten, executed two second mortgages on the same premises to Mandel and as *Page 412 
second mortgagee he is made a party defendant here. By his answer and counter-claim he disclaims any interest under the two second mortgages, but asserts a lien under the second mortgage first above referred to, prior to the lien of complainant's mortgage, on the ground that the solicitor of the complainant, when it took its mortgages, had full knowledge of the mortgage under which Mandel now asserts his lien, and that the complainant is thereby bound. The complainant moves to strike the answer and counter-claim. They will be stricken. When the complainant took its mortgages the Mandel mortgage now asserted had been cut off by the former foreclosure decree and sale. Under the provisions of section 58 of the Chancery act (1 Comp. Stat. p. 432), Parrow Holding Company, the purchaser at the sheriff's sale, took title free of the lien of the Mandel mortgage. Buchanan SmockLumber Co. v. Brower, 95 N.J. Eq. 422, and cases therein cited. Recording of the Mandel mortgage in Essex county was equal to no recording at all. Complainant's rights are derived from the grantee of the innocent purchaser. The question of complainant's knowledge of a mortgage no longer a lien is therefore immaterial. Such knowledge would not revive an extinct lien.