Grove Street Plaza Company mortgaged certain premises owned by it to the Fidelity Union Title and Mortgage *Page 349 
Guaranty Company and thereafter leased a portion of the premises to Walgreen Company, a corporation of Illinois, for a term of ten years for a stipulated rent. The Illinois corporation assigned the lease to the complainant. The mortgagor defaulted and in December, 1933, foreclosure proceedings were instituted by the mortgagee in which proceedings the defendant Moore was appointed rent receiver. He distrained for rent and this bill was filed to enjoin the distress proceedings on the ground that the complainant's lease was terminated by the appointment of a rent receiver. Since the filing of the bill the arrearages of rent claimed by the defendant receiver have been paid to him without prejudice. The lessee is not a party defendant to the foreclosure proceedings. The sole question presented on this motion is whether or not the lease of a lessee who is not a party defendant to a bill to foreclose a prior mortgage is terminated by the appointment of a rent receiver in a foreclosure suit. The answer is that it is not, and this proposition seems to me to be too plain to admit of argument. Complainant's contention is both novel and startling. The lease by its terms was binding upon the successors and assigns of the lessor and lessee. The mortgage contained an express assignment of the rents. The lease cannot be terminated by the lessor except by some act which amounts to an eviction. The filing of a bill to foreclose and the appointment of a rent receiver do not constitute an eviction. MetropolitanLife Insurance Co. v. Childs, 230 N.Y. 285, and130 N.E. Rep. 295; 14 A.L.R. 658. Undoubtedly a lease may be terminated by the foreclosure of a prior mortgage, but to accomplish that end the lessee must be made a party defendant to the foreclosure proceedings; otherwise he is not bound by the decree. A rent receiver appointed by this court is an officer of the court and as such is entitled to collect all rents accruing subsequent to the date of his appointment. This proposition has been so frequently stated within recent years that it is unnecessary to cite authorities in support of it. It is argued that possession by the receiver is possession by the mortgagee; that that possession terminated *Page 350 
the mortgagor's possession and title, and that since the subsequent lessee's interest is derived from the mortgagor, the interest of the lessee is likewise terminated. If that argument were sound no mortgagee would ever take possession of mortgaged premises under the clause giving him a right to do so, nor would any receiver of rents ever be appointed in foreclosure proceedings, as upon such appointment the rental income would cease. But while the possession of a rent receiver has been likened to that of a mortgagee in possession, it is the possession of the court and not of the mortgagee. Such possession does not terminate the rights of any party to the proceedings, much less those of one not a party. They are merely held in abeyance and preserved pendente lite. And, moreover, the title of the mortgagor is not "terminated" until final decree and sale. The receiver is entitled to the rents and the order to show cause will be discharged.