GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, PLAINTIFF, v. ANNIE LOWENTHAL, INDIVIDUALLY AND AS EXECUTRIX UNDER THE WILL OF HYMAN LOWENTHAL, DECEASED, DEFENDANT.

Decided October 25, 1935.

For the plaintiff, *Endicott & Endicott* (*M. Milton Singer*).

For the defendant, *Thompson & Hanslein* (*John Lloyd*).

JAYNE, S. C. C.   A motion is made in behalf of the plaintiff for a rule striking out the answer filed by the defendant in this action.   The criticism of the answer is that it is sham and frivolous.   Succinctly stated, the plaintiff seeks in this action to recover from the defendant the alleged deficiency due upon the bond executed on December 31st, 1926, by Hyman Lowenthal, now deceased, and by Annie Lowenthal. The complaint alleges that the mortgage accompanying the bond was foreclosed before the institution of this action.

The defendant in her representative capacity as executrix under the will of Hyman Lowenthal, deceased, avers that in the administration of the estate of the deceased obligor, she, as executrix, on February 10th, 1928, caused a rule to be issued to limit the presentation of claims by the creditors of the estate and that on August 10th, 1928, the appropriate decree was duly entered barring the creditors and that the plaintiff, the owner of the bond, failed to file with her as executrix a claim for the amount due upon the bond.   At the argument of this motion, the averment of these facts was not controverted.   It is contended that the answer of the executrix in this particular is frivolous.   This precise question was considered by me in *Cranmer* v. *Cole,* 11 *N. J. Mis. R.* 578; 167 *Atl. Rep.* 744, and determined adversely to the contention presently made by counsel for the plaintiff.

Additionally, the answer contains the averment that in the suit to foreclose the mortgage, the plaintiff, as complainant therein, failed and neglected to make certain designated tenants of the mortgaged premises defendants in the suit with the result that the leasehold interests and estates of such tenants in the morgaged premises were liberated from the effect of the foreclosure decree.   Here again, the averments of fact are not shown to be untrue.   Upon these facts rests the contention of the defendant that the plaintiff before the institution of this action failed to comply with the procedural

requirements of the statute. 3 *Comp. Stat., p.* 3421; *Pamph. L.* 1933, *p.* 172.

It is apparent that the leases of the tenants of the mortgaged premises would not be terminated by the foreclosure of the mortgage unless such tenants were made defendants in the foreclosure suit. *Walgreen Co.* v. *Moore,* 116 *N. J. Eq.* 348; 173 *Atl. Rep.* 587. It is stated in 42 *Corp. Jur.* 59:

"A tenant in possession of the mortgaged premises under the mortgagor is a proper party to the foreclosure proceedings, in order that his possession may be controlled by the decree, and even a necessary party, in the sense that his rights will not be affected if he is not joined."

In 14 *A. L. R.* (at *p.* 664), may be found the following statement of the law relating to this subject:

"Whether a lease of real estate previously mortgaged is terminated by a foreclosure action and sale is held by the majority of decisions, to depend on the joinder of the lessee as a party to the foreclosure action. Though there are some conflicting decisions, such a lease by the weight of authority is thus terminated in case, and only in case, the lessee was made a party to the foreclosure suit."

In the consideration of this motion, it must be assumed that the plaintiff in the previous foreclosure of its mortgage, failed to join the existing tenants of the mortgaged premises as parties to the foreclosure suit and that the mortgaged premises were eventually exposed for sale necessarily subject to the leasehold interests therein of the tenants.

In 42 *Corp. Jur.* (at *p.* 59) it is stated, "the failure to make the tenant a party may prevent the property from bringing the best possible price on the foreclosure sale." It may be apprehended that interested bidders would desire to obtain immediate possession of the mortgaged premises, only to learn at the sale that the possession of the premises had already been granted to a tenant whose tenancy would not expire for several years in the future. It is also conceivable that in the present day the failure to thus terminate an advantageous lease might enhance the sale price of mortgaged premises.

It has been said that the statute requires the owner of a bond and mortgage to first exhaust his security before under-

852

taking to sue on the bond. *Mahaffey* v. *Evens,* 115 *N. J. Eq.* 434; 171 *Atl. Rep.* 315. For a more definite understanding of what is meant by "exhausting the security," the language employed by Mr. Justice Lloyd in his opinion in *Deal Park Co.* v. *Bannard,* 2 *N. J. Mis. R.* 194, is significant. In speaking of the requirements of the statute, Mr. Justice Lloyd stated, "it seems to me that nothing short of a complete exhaustion of the property and all interests therein must be had to satisfy the requirements of the statute."

The conclusion so expressed in *Deal Park Co.* v. *Bannard, supra,* governs the determination of the present motion.

The motion to strike the answer is denied.