HUDSON COUNTY CIRCUIT COURT.

ISAAC CHODOSH, PLAINTIFF, v. SAMUEL SCHLESINGER, WINBER REALTY COMPANY, A CORPORATION OF NEW JERSEY, ABE BRAUER AND JACOB S. KAPLAN, DEFENDANTS.

Decided June 23, 1936.

Before Judge BROWN and a jury.

For the plaintiff, *David M. Klausner.*

For the defendants Winber Realty Company, Abe Brauer and Jacob S. Kaplan, *Walter J. Freund* and *Ralph W. Emerson.*

BROWN, C. C. J. The court will deny the motion of the plaintiff for the reasons hereinafter stated. The reasons for the ruling will apply not only to the motion made by plaintiff's counsel, but also to defendants' motion. As the court understands the pleadings in this case there was a bill of foreclosure of a mortgage that is mentioned in this proceeding. This bill was filed in the Court of Chancery of this state and resulted in the foreclosure of a mortgage dated April 29th, 1926, made by one Schlesinger to the plaintiff in this cause. The mortgage expired by its own terms on April 29th, 1929. It was for the sum of $6,000. Extension agreements upon the expiration date of the mortgage were entered

into by the subsequent owners. The property was purchased by the Winber Realty Company subject to the mortgages existing on the property and on the expiration of the term of the Schlesinger mortgage, or upon application of the Winber Realty Company, an extension agreement was made in which substantially the terms of the mortgage agreement were extended for a period of three years. That extension is in evidence and was not recorded. The extension agreement contained the signatures of the individual defendants Brauer and Kaplan. They signed the extension agreement and agreed therein to carry out the original terms of the bond and mortgage, consideration being the extension that was granted of three years. Upon the extension agreement expiring, another extension was entered into, on May 2d, 1932, which extension was not recorded. That extension agreement contained an agreement by the defendants in this cause to pay the amount due on the bond and mortgage and to perform the conditions thereof. The extension agreement was made upon either partial payment of principal being made at that time or a promise to pay—the court has forgotten which, and for the purposes of this motion it does not matter, as the court sees it, whether it was made without a partial payment or whether payment was promised to be made. As the court remembers and is impressed with the terms of the last extension, it was quite the same as the other, the purpose being to extend the term of paying the debt according to the terms of the bond and mortgage, in fact the last extension contained a provision that the terms of the bond and mortgage should be carried out in all particulars and nothing was waived or varied except the extension of time for the payment of principal. The property remained in that posture when default was made and the suit in foreclosure was brought. The foreclosure suit proceeded to a decree and to a sale thereunder by a *fieri facias* issued out of the Court of Chancery, directed to the sheriff of this county, in which the sheriff was directed to sell the mortgaged premises to satisfy the amount due and claimed on the bond and mortgage. At the time the sheriff received the *fieri facias,* there was a tenant in possession of a part of

the premises by the name of Charles Werman. It appears that Werman entered into the premises in question under the terms of a lease dated the first day of May, 1927. This lease was acknowledged and was of such a nature that it could have been recorded if the holder thereof desired to have it recorded. Be that as it may, it was not recorded. The tenant remained in possession under the lease until the expiration thereof. Upon expiration of the lease he continued in possession. His possession has been continuous and open and notorious from the date of the expiration of the lease down to the present time. Counsel have agreed and it is a matter of record in this case that this tenant remained from the expiration of the written lease down to the present time as a tenant in the premises from year to year. In the foreclosure proceeding it is admitted that the original mortgagor Schlesinger and the other defendants in this case who signed the extension agreement were all made parties defendant to the foreclosure proceeding. Shortly before the sale took place, the solicitor for the plaintiff in this case, who was solicitor for the complainant in the foreclosure proceeding, wrote to the sheriff and advised and instructed him to sell the mortgaged premises subject to the tenancy of parties then in possession, which meant, of course, the tenancy of Werman. It appears that Werman was the only tenant actually in possession at that time. Be that as it may, he was in possession of a part of the premises. There were other conditions annexed to the instructions, namely, that the premises should be sold subject to the result of an accurate survey of any encroachment thereon and also subject to taxes and possible other liens. The plaintiff in the case brings his suit by virtue of a statute of this state known as the "Vail act," which may be found in 3 *Comp. Stat., p.* 3421, as amended by *Pamph. L.* 1933, *ch.* 82, *p.* 172; *N. J. Stat. Annual* 1933, § 134-48, 2, which provides that:

"In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the said mortgage, and if at the sale of the said mortgaged premises under said fore-

closure proceedings, the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such cases it should be lawful to proceed on the bond for the deficiency and that all suits on said bond shall be commenced within three months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit," &c.

As the court understands the amendment is substantially the same as the original act with the exception of the feature of the three months period within which suit should be brought. So that, for the purposes of this suit, the three months period having been complied with, we can use as reference all of the authorities and the statute as it existed from the time it was originally enacted up to the present time. The defendants say on their motion and in their pleadings, and according to the testimony adduced, that this plaintiff should not be permitted to recover for the reason that he has not complied with the terms of the statutes last mentioned in that he has not exhausted the real property by foreclosure of all of the interests therein and further than that, he has not only failed in that connection by failing to make Werman a party defendant, but also because he has instructed the sheriff not to sell the premises *in toto* but subject to the conditions that have been heretofore enumerated. We are confronted with the question that is raised by the defendants as well as the points that are raised on the plaintiff's motion for a direction. It has been said time and again and fully determined that a party in possession of premises cannot be deprived of his interest or right in the property unless and until he has his day in court. One of the outstanding cases, and it is outstanding because of the clarity with which the statement of law appears, is that of *LaCombe* v. *Headley,* which may be found in 91 *N. J. Eq.* 63; 108 *Atl. Rep.* 185. There it was said, in part: "The statute makes an unrecorded deed void only as against judgment creditors, *bona fide* purchasers and mortgagees who have no notice thereof, and it is entirely settled both in this state and elsewhere that posses-

sion of land, if open, notorious and unequivocal, constitutes notice of the right or claim or right under which the party in possession occupies it; and this notice is effective not only as to those who have actual knowledge of the occupation, but as to all the world." The court finds that the decision of Vice-Chancellor Berry, in dealing with a question involving a leasehold interest or occupation of a tenant, in the case of *Walgreen Co.* v. *Moore,* 116 *N. J. Eq.* 348; 173 *Atl. Rep.* 587, is to the same effect wherein it is stated:

"The lease cannot be terminated by the lessor except by some act which amounts to an eviction. The filing of a bill to foreclose and the appointment of a rent receiver do not constitute an eviction. * * * Undoubtedly a lease may be terminated by foreclosure of a prior mortgage, but to accomplish that end, the lessee must be made a party defendant to the foreclosure proceeding, otherwise he is not bound by the decree."

It will be noted in both of these cases that a consideration of section 58 of the Chancery act (1 *Comp. Stat., p.* 432) was not referred to, that in both cases they were general principles of law that were cited. It can be agreed, the court feels, from both cases, that if a lessee in possession, whether under a written lease or otherwise, is made a party defendant, that his right is extinguished and he has had his day in court. The "Conveyance act," requiring the recording of deeds and other instruments, as well as section 58 of the Chancery act, have for their purpose evidently the protection of innocent purchasers. These provisions of the law are not idle and unsound legislation; they have been on the statute book for years and they have answered their purpose very well, the primary purpose being that in purchasing property a *bona fide* purchaser has to look to the record to make sure that he is buying what the record discloses as well as the occupational condition of the property. Sometimes there are instruments that do not appear of record and cannot be recorded. Sometimes there are leases that are in writing that cannot be recorded because they are not acknowledged or there is no written lease and it seems to the court that in this case the

general principle of the law enunciated by Chief Justice Gummere in LaCombe v. Headley and by Vice-Chancellor Berry in the case of *Walgreen* v. *Moore, supra,* apply and that occupation of a premises is notice to the world, including the purchaser, that there is an outstanding right. The court feels, too, that the Vail act, known as chapter 82, *Pamph. L.* 1933, heretofore referred to, contemplates that there should be complete exhaustion of the property securities before a suit for deficiency is brought. The wisdom of the law has been passed upon both in cases and also in actual experience and it has been found to be a just law, as the court remembers, to require a person having mortgaged premises as security, to exhaust the security before stepping to the next security, namely, the bond or the principal debt as it is sometimes termed. Now, the question in this case is whether that exhaustion, whether that complete sale that is contemplated by the act, has been brought about. In order to determine that question reference should be made to cases involving parties to foreclosure proceedings. This court will follow the rulings of the Supreme Court and the Court of Errors and Appeals on those questions and will take cognizance of and follow as far as it is applicable in this case, the decision of Circuit Court Judge Jayne in the case of *Guardian Life Insurance Co.* v. *Lowenthal,* 13 *N. J. Mis. R.* 849; 181 *Atl. Rep.* 897. In the Guardian Life Insurance Co. case it appeared that a motion was made to strike out an answer and that one of the defenses set up to that motion was that the plaintiff, who was suing for a deficiency failed to include or prove or show upon his motion that he had brought in the occupying tenants or tenant. Whether there was a recordable lease involved does not appear in the case and Judge Jayne in deciding that case stated:

"It is apparent that the leases of the tenants of the mortgaged premises would not be terminated by the foreclosure of the mortgage unless such tenants were made defendants in the foreclosure suit."

He makes reference to the case of Walgreen v. Moore, for this statement or proposition of law and also the case of *Deal*

*Park Co.* v. *Bannard,* 2 *N. J. Mis. R.* 194, in which Mr. Justice Lloyd wrote the opinion for the Court of Errors and Appeals. This court being confronted with those two cases it might be said that they are authority to assert a defense for failure to exhaust the remedy in foreclosure, regardless of whether a lease is recordable, by not making a tenant a party to the foreclosure suit. The court does not find the Deal Park case is directly applicable to the case now under discussion, and the reason is that in the Bannard case, a lease was not involved, but rather an outstanding interest vested in an heir of a deceased mortgagor. There it was quite apparent that the interest of such a person was not extinguished by the proceedings as they were not made a party. They were not made a party by service of process and they were not made a party by virtue of any statute, particularly by virtue of section 58 of the Chancery act. So then, as far as that case is concerned on that particular point, it is not decisive of the propositions and the questions here presented. It is decisive, however, it seems to the court, of the particular item of law therein mentioned, that is to say, that the Foreclosure act or the Deficiency act as it is called, requires that all the interest and all the security in the property must be exhausted by the mortgagee before he brings a deficiency suit. Mr. Justice Lloyd, writing the opinion for the court, stated that it is the burden of the complainant to make all of the parties having an interest in the property parties to the original suit. Now, in the case decided by Judge Jayne, known as the Guardian Life Insurance case, the court cannot ascertain from that case whether the leases were in writing, or whether they were acknowledged and capable of being recorded. The court does not feel that Judge Jayne in his decision disregarded section 58 of the Chancery act, *supra.* This court finds that a party may be made a party to a suit in at least three ways; by appearance in person and submitting to the jurisdiction of the court; by service of process and by operation of the statute. In the Chancery act, section 58, 1 *Comp. Stat., p.* 432, it is provided:

"In any suit for the foreclosure of a mortgage upon or

which may relate to personal or real property in this state, all persons claiming an interest in or an encumbrance or lien upon such property, by or through any conveyance, mortgage, assignment, lien or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing of the bill in such suit, shall be bound by the proceedings in such suit, so far as the said property is concerned, in the same manner as if he had been made a party to and appeared in such suit, and the decree therein made against him as one of the defendants therein."

The court finds that there is no difficulty in construing the plain meaning of this statute. It is just what the words indicate, that if a party has a conveyance; a mortgage, an assignment, or a lien or an instrument, which by any provision of law could be recorded and is not, the party holding it is deemed to have been made a party to the foreclosure proceeding just the same as though he appeared in the suit. That statute has been construed in a number of cases in this state. In *Keiler* v. *Bunn*, 84 *N. J. Eq.* 519; 94 *Atl. Rep.* 402, in which a lien was involved, it was held that the holder of an unrecorded lien at the time of the filing of a bill in the Court of Chancery is bound by the proceedings in a foreclosure suit the same as if they had been made a party by virtue of the provisions of section 58 of the Chancery act. A later case is that of the *Excellent Building and Loan Association* v. *Gersten*, 108 *N. J. Eq.* 411; 155 *Atl. Rep.* 385. That case involved a claim on a mortgage which was not prior to the mortgage which was being foreclosed but a junior lien to it and the mortgagee recorded his mortgage in a county other than the county where the property was situate. The court held that section 58 of the Chancery act barred by the foreclosure of the prior mortgage the interest of the holder of the second mortgage. To the same effect is the case of *Berwyn Estates* v. *Varlese*, 106 *N. J. Eq.* 465; 150 *Atl. Rep.* 342, a Court of Errors and Appeals decision. In that case a mechanics' lien was involved and the court held:

When a foreclosure bill was filed prior to that of a materialman's lien and where the lien was filed by virtue of the Mechanics' Lien act, it was held that when a foreclosure bill was filed so that a materialman who, by virtue of the Mechanics' Lien act, then had an inchoate lien for materials furnished to the building and for work done on the building, which he had not advanced to the stage of a filed claim, is under section 58 of the Chancery act so bound by the foreclosure decree that he cannot make any further claim against the mortgaged property.

To the same effect is the case of *Buchanan and Smock Lumber Co.* v. *Brower,* 95 *N. J. Eq.* 422; 123 *Atl. Rep.* 699. That case involved the failure of a second mortgagee who held an unrecorded mortgage to be made a party defendant in the foreclosure and having his interest, his second mortgage extinguished by the foreclosure proceeding. The court held that a party holding an unrecorded mortgage that is capable of being recorded and who fails to record it before the foreclosure bill is filed is barred from claiming any right in the mortgaged premises by reason of his failure to record his mortgage and by reason of his failure to comply with the provisions of section 58 of the Chancery act. Vice-Chancellor Backes in the case of *Fisovilz* v. *Cordosco Construction Co.,* 102 *N. J. Eq.* 354; 140 *Atl. Rep.* 573, makes copious reference to the right of a party having an interest in the property which is the subject of foreclosure to be made a party defendant and points out that rule 13 of the Court of Chancery is more liberal than the provisions of section 58 of the Chancery act. In *Strong* v. *Smith,* 68 *N. J. Eq.* 686; 60 *Atl. Rep.* 66, a case in the Court of Chancery in which one of the parties resisted the attempt of a purchaser under a foreclosure sale to obtain a writ of assistance to gain possession, claiming that he was not made a party to the suit and that he was a tenant before the foreclosure suit was brought, although his tenancy was subject, or at least his tenancy was created after the mortgage was recorded. The vice-chancellor who decided that case pointed out what interests are extinguished by the foreclosure suit, and he enumerates a number

of them, and in that enumeration is involved the parties who come within the purview of section 58 of the Chancery act. In that decision the wording of the statute was literally followed, in eliminating those who did not come within the statute and stating those that did come within the statute. Among those bound by the foreclosure decree were such as held a leasehold interest by virtue of an instrument in writing that was acknowledged and capable of being recorded but was not recorded before the bill of foreclosure was filed. The vice-chancellor held in effect that such parties were bound by the foreclosure proceeding even though they were not served with a summons. In the discussion of that case it was shown that if the purchaser at a foreclosure sale desired to remove a tenant who held under such a recordable lease that was not recorded and would not surrender, that his interest was extinguished by foreclosure proceedings and even though the application for a writ of assistance to remove him was a summary proceeding that the writ would go to the purchaser as a matter of right because the lessor clearly had no interest in the property. So that, where there is a lease that is in writing that can be recorded according to the provisions of the law and is not recorded by the tenant before the bill in foreclosure is filed, his right is foreclosed by section 58 of the Chancery act and his right is extinguished just as much as if process was served upon him. To give any other effect to such a leasehold interest would be to nullify section 58 of the Chancery act. How do the cited cases effect a tenant in possession with a lease that cannot be recorded or where there is no written lease? The latter is the situation that we have here. The original lease of two years has spent itself. It is true that the tenant went into possession under that lease, but after its termination he remained there, not under the terms of that lease, but as a holdover tenant from year to year. His tenancy or the evidence thereof could not be recorded. There was no way for him to record his interest after the expiration of the original lease. Consequently, the court finds that section 58 of the Chancery act does not apply and that act not applying, we do not find in those proceedings

or anywhere else, any determination or any suit or proceeding in which he was made a party by which his interest in the property might be extinguished. The court holds, therefore, that the interest of the tenant in this property that was subject to the plaintiff's mortgage was not extinguished by the sale. If the court is in error about this, the defendant's motion should be granted for another reason that it now appears all of the interest and equities in the property were not sold. This occurred by direction of the solicitor. It may be that the sheriff should have obeyed the writ issued out of the Court of Chancery to effect a complete sale. Be that as it may, it appears a complete sale was not effected and therefore the price obtained was not, possibly, the best price. In any event all the security was not extinguished by the sale. It is needless for the court to go into the economic proposition of whether the tenant's occupancy increased or decreased the value of the property. There are many items that enter into a consideration of that proposition. Some purchasers for their own interest or their own use might wish to have premises free and clear of all tenants because of low rentals or because of a contemplated use. Then again, other purchasers might be desirous of having tenancies throughout the entire premises where there are profitable rentals. The court does not think that a question of this kind should effect a decision on this motion. The motion of the defendant for a direction in their favor is granted. The plaintiff's motion is denied.