This is a bill to quiet title to certain lands of which complainants are the record owners, covering which defendants hold a mortgage. Defendants have filed a counter-claim seeking a decree foreclosing complainants' equity of redemption.
 FACTS
Complainants, at the time of the execution and delivery of defendants' mortgage, April 12th, 1934, were the equitable owners of the fee and Hann Company the owners of the legal title. The legal title was transferred by Hann Company to complainants by deed dated September 19th, 1938, at which time complainants had paid the entire purchase price for the property.
On August 8th, 1933, Hann Company entered into a written contract to convey the lands in question to complainants and to erect a bungalow thereon for complainants' occupancy. This contract was not recorded and does not provide the time when possession should be delivered to complainants, so that they, as purchasers, were not entitled to possession prior to the time for the consummation of the contract. 27 R.C.L. 549 § 285. Such a contract is prospective in its operation and does not, without special stipulation, confer rights of immediate occupancy in the vendee. Warvelle on Ejectment 151, as quoted in Mailloux v.Jordan, 146 Atl. Rep. 480 (at p. 481).
Just when Hann Company started construction of the bungalow on the vacant lot does not appear, but that they were engaged in so doing at least four or five months before May of 1934 is proved, so that at the time of the execution and delivery of defendants' mortgage in April of 1934, Hann Company were in open, notorious and unequivocal occupation of the lands and complainants were not.
Complainants contend that defendants' mortgage is not a lien because there is no evidence that the mortgagee, before the execution and delivery of the mortgage, made any inquiry or investigation in an endeavor to ascertain complainants' rights as equitable owners. The mortgagee is deceased and, *Page 439 
of course, defendants could not offer evidence on this point, even had it been necessary so to do under the law.
I take it that the law applicable to the factual situation before the court is well settled and is as stated by Mr. Justice Voorhees in Wood v. Price, 79 N.J. Eq. 620 (at p. 624);81 Atl. Rep. 983:
"All authorities are agreed that the general rule is that possession of real estate which is actual, open and visible occupation, inconsistent with the title of the apparent owner bythe record and not equivocal, occasional or for a temporary or special purpose, is constructive notice to all the world of the rights of the party in possession."
And as said in LaCombe v. Headley, 91 N.J. Eq. 63;108 Atl. Rep. 185:
"It is the duty of an intending purchaser of land which is in the possession of a person other than the intending grantor to inquire of the occupant and ascertain the rights under which he holds; and if he does not make such inquiry, he is chargeable with notice of such facts as the inquiry, if it had been in fact made, would have revealed." See, also, Baldwin v. Johnson,1 N.J. Eq. 441.
It has been heretofore observed that complainants did not have the right to possession under the contract with Hann Company, and the further fact developed by the evidence is that complainants did not, in fact, take possession until May of 1934, which, of course, was after the execution and delivery of defendants' mortgage. Mr. Rapine was rather indefinite as to the time when possession was taken, but taking his testimony with that of his wife, there may be no doubt that Hann Company delivered possession after the completion of the bungalow, and that was in May of 1934. It is true that Mr. Rapine, at one point in his testimony, referred to Easter as being the time of possession, but the household goods were moved into the bungalow in the month of May, according to the evidence. It is also true that for convenience, some small articles were moved into the building before completion, but there was no occupancy by complainants such as to give notice of their possession, as distinguished from that of Hann Company, prior to the month of May. There *Page 440 
was nothing to put defendants on notice in order to require an investigation or inquiry, as stated in the rule of law aforesaid.
The court is dealing with a situation where Hann Company perpetrated a fraud on both parties hereto and its decree must be a hardship on one of them; but when complainants failed to record their contract and left Hann Company in possession, they created a situation which permitted Hann Company to procure from the defendant the money advanced on her mortgage.
Decree against complainants dismissing the bill, and for defendants on their counter-claim. *Page 441