A judgment of $350 in favor of the plaintiff and against the defendant George Wolff was entered in the Passaic County District Court after trial before the judge sitting without a jury. The defendant George Wolff appeals.
In February, 1939, the defendants were tenants of a onefamily house in Paterson, New Jersey, which at the time was heated by a coal furnace. The tenants sought permission of the then owner to install an oil burner unit in the existing furnace and to install a storage tank for oil outside the cellar. This permission was granted by the then owner, Realty Security Company, in the following letter dated November 3, 1939:
"Dear Mrs. Wolff:
"We understand that you are about to install an oil burner in our house which you now occupy on a rental basis. In view of the fact that you are paying for this outfit and we are not contributing any money toward its purchase, we hereby state the installation is your property and you may take it out on vacating our premises.
"It is, however, understood that you will again put the present furnace in the same usable condition as it is now."
The authority of the signer of the letter to bind the corporate owner was admitted. Pursuant to the permission granted, the defendants installed the oil burner and the storage tank. They used both in connection with their occupancy of the premises until the summer of 1946, when the defendant George Wolff removed both and put the coal furnace into usable condition. On October 31, 1946, the defendants moved out of the premises. Title to the premises passed by mesne conveyances to the present plaintiff on April 18, 1946. *Page 389 
In February, 1946, before the plaintiff bought the property, he called at the premises and spoke to the defendant Emma Wolff and made some inspection of the property. Plaintiff testified that he did not inquire of the defendants what rights, if any, they had in the premises, and that no mention was made to him of any claim on the part of the defendants to the oil burner and storage tank, or of the arrangement made with the prior owner in 1939 for removal thereof. The defendant Emma Wolff testified that she informed the plaintiff that the oil burner belonged to her, and there was some corroboration of her testimony by a former roomer with defendants.
Plaintiff's suit was to recover the value of the oil burner unit and storage tank removed from the property. The appellant argues (1) that the plaintiff was under a duty to inquire of the defendants the rights under which they held, and if he fails to inquire, he is chargeable with notice of such facts as the inquiry would have revealed if it had been made, and (2) that the finding of the court below that the plaintiff had no actual notice of the tenants' title to the oil burner and storage tank was contrary to the weight of the evidence.
Since the evidence as to actual notice to the plaintiff was in conflict and the finding of the trial judge is supported by substantial evidence, we see no justification for disturbing it.State v. Richardson, 4 N.J. Super. 503 (App. Div. 1949). Assuming then, as we must, that there was no actual notice of the tenants' claimed right to remove the oil burner and storage tank, the remaining question is whether the plaintiff-owner is charged with constructive notice.
The question whether one other than the owner may remove property affixed to the freehold arises in various settings, and its determination often depends on the particular circumstances of the case, such as the relationship of the parties involved, the type of property affixed, the type of property to which it is affixed, the degree of affixing, whether or not affixed under an agreement with the owner as to the rights thereto between the parties, whether the one affixing is in possession of the premises, whether the possession is open *Page 390 
and visible, and whether the possession is exclusive. 36 C.J.S.,Fixtures, § 1; 58 A.L.R. 1352; 64 A.L.R. 1222;74 A.L.R. 355; 169 A.L.R. 478. On the question whether the possession of the lessee constitutes notice to a purchaser of rights of the lessee independent of his tenancy, the comment at 74 A.L.R. 356
is:
"The American cases show considerable conflict of judicial opinion upon the question whether the possession of a lessee constitutes notice of rights independent of his tenancy. The jurisdictions in which some phase of the question has arisen might be described as about evenly divided; although, no doubt, much of the disagreement is explained by a reference to the facts of particular decisions and to the importance attaching to recording statutes."
In this case (1) the plaintiff was an innocent purchaser for value without actual notice, (2) the defendant was a tenant, (3) the defendant was in exclusive, open and visible occupation and possession of the premises, (4) there was a written agreement settling the rights of the tenant installing and the then owner in the property installed, (5) the agreement permitted installation by the tenant and removal by the tenant as his property on vacating the premises, provided the tenant put the coal furnace back into its original usable condition, and (6) the tenant met the condition imposed when he removed the fixtures.
 The leading case in our State is Wood v. Price, 79 N.J. Eq. 620
(E. A. 1911), in which the court said at p. 624:
"All authorities are agreed that the general rule is that possession of real estate which is actual, open and visible occupation, inconsistent with the title of the apparent owner by the record and not equivocal, occasional or for a temporary or special purpose, is constructive notice to all the world of the rights of the party in possession.
"This agreement of the authorities also extends to include those equities of one who occupies as tenant that are connected with the tenancy, as the contents of and the covenents contained in the lease, and as well to interests under collateral agreements, as a contract to convey the land, or to renew the lease, etc. * * *
"Now, it is the duty of a purchaser to inquire of the person in possession of the premises and ascertain the rights under which he holds, and if this duty of inquiry be disregarded, the purchaser is chargeable with notice of such facts as the inquiry, if it had been in fact made, would have revealed." *Page 391 
We think the exclusive, open and visible possession of the tenant is constructive notice to a purchaser of a collateral agreement such as this. It thus became the duty of the purchaser to inquire of the tenant and ascertain the rights under which he held. Since the purchaser failed to do this, he is chargeable with notice of such facts relating to the agreement as inquiry, if it had been made, would have revealed. Cf. Zurick v.Perlmutter, 94 N.J.L. 328 (Sup. Ct. 1920); 74 A.L.R. 355, 356, 360.
The plaintiff relies upon Leo Company v. Jersey City BillPosting Company, 78 N.J.L. 150 (Sup. Ct. 1909), and Flintv. Flint, 87 N.J. Eq. 560 (Ch. 1917), but these cases are distinguishable.
In the Leo Company case, the property involved was a fence, the fence was erected by one not in possession of the premises, there was no agreement made with the owner, no permission from the owner to affix, and the agreement relied on was one between a tenant and the stranger. The court held:
"We hold, therefore, in accordance with the weight of authority that the plaintiff, being an innocent purchaser, without notice, of the lands to which the fence had been annexed, is not affected by the agreement between the tenant of his grantor and the owner of the fence, by the terms of which the latter was to have the right of removal. In such case the fence became a part of the realty and passed by the deed."
The plaintiff directs our attention to the following language of the opinion:
"In other jurisdictions the weight of authority is to the effect that a subsequent purchaser of the land, without notice, is not affected by an agreement between the owner of the land and the owner of an article at the time of annexation that the article shall retain its personal character and be subject to removal at the pleasure of the owner of the article."
This dicta is cited in 58 A.L.R. 1352, 1354, in support of a similar statement of law, but see change in 74 A.L.R. 355, 360: "The majority rule is that a purchaser or mortgagee *Page 392 
of land in possession of a lessee is charged with notice of any title the lessee may have to buildings, fixtures, or other property on the premises." See also 22 Am. Jur., Fixtures, § 42.
In the Flint case, a cement and concrete building, a stable and wagon shed, and a roadway were built with partnership funds upon lands owned by one partner. A partition suit was brought by the heirs of the other partner, alleging that the property was real estate of the partnership. No agreement, no question of notice, and no innocent purchaser were involved. The decision turned on partnership law and the court struck out the bill on the ground that the right of the partnership was personal property.
The judgment under appeal is reversed.